DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} In September 2005, Jessica Combs was charged under Section4511.19(A)(1) of the Ohio Revised Code, with operating a motor vehicle while intoxicated. Based upon Ms. Combs' convictions for similar violations in 2004 and August 2005, the State included a specification that this was her third offense within six years. Ms. Combs moved to prohibit the use of her 2004 conviction to enhance the penalty for her current charge based upon the fact that her guilty plea in that first case was uncounseled. The parties have stipulated that Ms. Combs was not represented by counsel when she pleaded guilty in the 2004 case and that *Page 2 
her conviction in that case resulted in a sentence of incarceration. The parties have further stipulated that Ms. Combs did not sign a waiver of her right to counsel in that case. As an uncounseled conviction cannot be used to enhance the penalty for a later offense, this Court reverses the enhancement of Ms. Combs' sentence as a third time offender under Section 4511.19 of the Ohio Revised Code and remands for resentencing.
 FACTS {¶ 2} When Ms. Combs was arrested for operating a motor vehicle while intoxicated in December 2005, she had two prior convictions on her record for violations of the same statute. The parties have stipulated to the relevant facts regarding these two prior convictions.
 {¶ 3} In 2004, Ms. Combs was convicted of violating Section 4511.19(A) of the Ohio Revised Code in Elyria Municipal Court case number 2004TRC08045. The parties have stipulated that Ms. Combs was not represented by counsel in that case and she did not sign a written waiver of her right to counsel before pleading guilty to that charge. There is no evidence in the record on appeal regarding whether any recording or transcript of that plea hearing exists. The trial judge signed a journal entry providing that Ms. Combs "was advised of the . . . right to counsel [and] the right to have counsel appointed if indigent . . . [Ms. Combs] knowingly waived these rights." This journal entry had signature lines for the Defendant, her attorney, the prosecutor and the judge. This form, however, was *Page 3 
signed only by the judge. Each of the other signature lines, including that provided for Ms. Combs, remained blank. For this first offense, Ms. Combs was sentenced to 30 days in jail with 24 days suspended. The parties have stipulated that Ms. Combs served three days in jail and was given credit for three additional days upon completion of an alcohol intervention program.
 {¶ 4} Ms. Combs was found guilty of operating a motor vehicle while intoxicated a second time in August 2005 in Elyria Municipal Court case number 2005TRC01792. The parties have stipulated that Ms. Combs was represented by counsel when she pleaded no contest to that charge. Ms. Combs has not argued that the 2005 conviction was constitutionally infirm.
 {¶ 5} Ms. Combs was arrested a third time for operating a motor vehicle while intoxicated in September 2005, initiating Oberlin Municipal Court case number 05TRC04471. Based upon Ms. Combs' convictions for similar violations in 2004 and August 2005, the State included a specification that this was her third offense within six years. Ms. Combs filed a motion to dismiss, arguing that her 2004 conviction was uncounseled and, therefore, could not be used to enhance the penalty for a later offense. According to court documents, a hearing was held on this motion, but there is no transcript of that hearing in the record on appeal. Following the hearing, the trial court denied the motion, specifically finding that both of the prior convictions were available to enhance the current penalty at sentencing. *Page 4 
 {¶ 6} Following the denial of her motion, Ms. Combs pleaded no contest and was found guilty of a third offense of operating a motor vehicle while intoxicated. Ms. Combs was ordered to serve 30 days of incarceration with 335 additional days suspended on the condition that she successfully complete a three year term of probation. In addition to incarceration, Ms. Combs was sentenced to a license suspension, a fine, and points on her license. The trial court granted Ms. Combs' motion to stay the execution of sentence pending appeal. Ms. Combs has appealed from the trial court's May 7, 2007, Supplemental Sentencing Entry that sentenced her as a third time offender.
 USE OF PRIOR CONVICTIONS TO ENHANCE PENALTY {¶ 7} Ms. Combs was charged with a third offense within six years of operating a vehicle while intoxicated under Section 4511.19(A)(1) of the Ohio Revised Code. Under that statute, each offense carries an increasingly serious penalty including fines, license suspensions, and mandatory terms of incarceration. R.C. Section 4511.19(G)(1). The third offense within six years carries a mandatory sentence of 30 days in jail with a maximum possible term of one year of incarceration. R.C. Section4511.19(G)(1)(c). In contrast, a second offense carries a mandatory sentence of ten days in jail with a maximum possible term of six months of incarceration. R.C. Section 4511.19(G)(1)(b). Ms. Combs has argued that the State should not be permitted to use her 2004 conviction to enhance the penalty for her current charge because that conviction is *Page 5 
constitutionally infirm. She bases this conclusion on her assertion that when she pleaded no contest to the 2004 charge, she was without legal counsel and had not knowingly waived that right. Ms. Combs has not attacked her 2005 conviction for operating a motor vehicle while intoxicated. Thus, the question is whether her current charge should be considered a second offense as opposed to a third offense for sentencing purposes.
 {¶ 8} Generally, the law does not permit a criminal defendant to attack a previous conviction in a subsequent case. State v. Brooke,113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 9 (2007). There is an exception, however, "when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." Id. In that situation, a defendant may attack the constitutionality of a prior conviction if it was obtained in violation of the defendant's Sixth Amendment right to counsel. Id. The Supreme Court of Ohio has held that an uncounseled conviction, obtained without a valid waiver of the Sixth Amendment right to counsel, is "constitutionally infirm" if the result was a sentence of incarceration. Id at ¶ 9 (citing State v. Brandon, 45 Ohio St. 3d 85, 86
(1989); Nichols v. United States, 511 U.S. 738 (1994)). Thus, "[a]n uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement." Brooke, 113 Ohio St. 3d 199, at ¶ 12 (citing Nichols v.United States, 511 U.S. 738, 749 (1994)). *Page 6 
 {¶ 9} If a defendant questions the use of a prior conviction based on her having entered an uncounseled plea in the earlier case, the burden is on the defendant to make "a prima facie showing of constitutional infirmity." Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 11 (citingState v. Brandon, 45 Ohio St. 3d 85, syllabus (1989)). In order to meet that burden, the defendant must present evidence showing that her earlier plea was uncounseled and resulted in a sentence of incarceration. Id. Then the burden shifts to the state to prove the defendant's right to counsel was properly waived. Id. In order to meet its burden, the State must prove there was a knowing, voluntary, and intelligent waiver of the defendant's Sixth Amendment right to counsel. In this case, the Court must consider whether Ms. Combs' 2004 conviction was constitutionally infirm.
 {¶ 10} The parties stipulated that Ms. Combs was not represented by counsel when she pleaded guilty to her first violation of Section4511.19. They also stipulated that she did not sign a written waiver of her right to counsel and served three days of incarceration for that conviction. Ms. Combs met her burden of showing constitutional infirmity as she provided evidence, by stipulations of fact, that her 2004 misdemeanor conviction was uncounseled and resulted in a sentence of incarceration. Thus, the burden shifted to the State to prove a valid waiver of her right to counsel.
 {¶ 11} On a procedural note, Ms. Combs brought this objection to the trial court's attention in the form of a pre-trial motion to dismiss. This was actually not *Page 7 
the appropriate vehicle for this objection because, in this case, the enhancement only affected the penalty and did not raise the degree of the offense charged. A prior conviction is not an essential element of the crime that must be alleged and proven by the State unless the enhancement actually increases the degree of the crime charged.Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 8 (citing State v.Allen, 29 Ohio St.3d 53, 54 (1987)). In this case, the enhancement from a second to third offense merely increased the penalty without affecting the degree of the crime charged. As the prior conviction was not an essential element of the crime, the issue would not have arisen until the sentencing phase. Allen, 29 Ohio St.3d at 55 (citing State v.Cichy, 18 Ohio App. 3d 6 (1984)).
 {¶ 12} Ms. Combs argued in her motion that her 2004 conviction could not be used for enhancement of her sentence. She placed sufficient evidence of constitutional infirmity before the trial court to shift the burden to the State to prove the validity of the 2004 conviction for sentence enhancement purposes. Ms. Combs then appealed the trial court's enhanced sentence because it was based on the constitutionally infirm prior conviction. Although objecting at the sentencing phase, rather than before trial, would have been preferable, this Court has determined that Ms. Combs fully presented this issue to the trial court and has preserved the issue for appeal.
 WAIVER OF THE RIGHT TO COUNSEL *Page 8 {¶ 13} The Sixth Amendment to the Constitution of the United States of America provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." If an uncounseled conviction results in a sentence of incarceration, that conviction cannot be used to enhance the penalty for a later conviction. Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 12 (citing Nichols v. United States, 511 U.S. 738, 749 (1994)). In this case, the parties agree that Ms. Combs was not represented by counsel when she pleaded guilty to her first violation of Section4511.19 of the Ohio Revised Code. In order to meet its burden in this case, the State must prove there was a knowing, voluntary, and intelligent waiver of Ms. Combs' right to counsel when she entered her guilty plea in 2004. Id. at ¶ 11.
 {¶ 14} "In all cases where the right to counsel is waived, the court `must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.'"Brooke, 113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 53 (quoting State v.Gibson, 45 Ohio St. 2d 366, paragraph two of the syllabus (1976)). In petty offense cases, involving a penalty of no more than six months incarceration, all waivers of counsel must be made on the record in open court. Id. at ¶ 22-23. In serious offense cases, involving penalties including more than six months of incarceration, any waiver of counsel must be made both on the record in open court and in writing filed with the court. Id. at ¶ 24. *Page 9 
 {¶ 15} Section 4511.19(G)(1) of the Ohio Revised Code, provides that operating a motor vehicle while intoxicated, as a first offense, is a first degree misdemeanor for which the penalty includes a term of incarceration for a maximum of six months. Accordingly, Ms. Combs' first conviction for a violation of that section in 2004 was a petty offense. Therefore, a waiver of counsel for that plea hearing was required to have been "in open court" with the "advice and waiver . . . recorded as provided in Rule 22." Brooke, 113 Ohio St. 3d 199, at ¶ 22 (citing Rule 22 of the Ohio Rules of Criminal Procedure, requiring waivers of counsel in petty offense cases to be recorded).
 {¶ 16} A knowing, voluntary, and intelligent waiver cannot be presumed from a silent record. Brooke, 113 Ohio St. 3d 199, at ¶ 25 (citingState v. Wellman, 37 Ohio St. 2d 162, at paragraph two of the syllabus (1974)). Thus, "[t]he record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Brooke, 113 Ohio St. 3d 199, at ¶ 25 (quoting State v.Wellman, 37 Ohio St. 2d 162, at paragraph two of the syllabus (1974) (citing Carnley v. Cochran, 369 U.S. 506 (1962))). The Ohio Supreme Court has determined that, in a petty offense case, even in the absence of a hearing transcript, a waiver of counsel form signed by the judge and the defendant at the plea hearing and filed with the court may be sufficient to satisfy these requirements. Id. at ¶ 47. In this case, the question is whether the record contains *Page 10 
evidence that shows that Ms. Combs waived her Sixth Amendment right to counsel during her 2004 plea hearing.
 {¶ 17} There is nothing in the record indicating that the 2004 plea hearing was recorded as required by Rule 22 of the Ohio Rules of Criminal Procedure. Therefore, it is impossible to determine whether Ms. Combs was advised of her right to counsel and voluntarily waived that right in open court. The only evidence tending to show that the trial court advised Ms. Combs of her right to counsel and gave her the opportunity to voluntarily reject the offer, was the journal entry from the plea hearing. That entry purported to recount the details of the hearing including that "[Ms. Combs] was advised of the . . . right to counsel [and] the right to have counsel appointed if indigent . . . [Ms. Combs] knowingly waived these rights." That entry was, however, only signed by the judge. Ms. Combs did not sign it. Accordingly, that document cannot be relied upon as evidence of Ms. Combs' voluntary waiver of her right to counsel. A knowing, voluntary, and intelligent waiver cannot be presumed from a silent record. Brooke,113 Ohio St. 3d 199, 2007-Ohio-1533, at ¶ 25 (citing State v. Wellman,37 Ohio St. 2d 162, at paragraph two of the syllabus (1974)). Without an acknowledgment form signed by Ms. Combs and in the absence of a hearing transcript, it is impossible to say that she voluntarily waived her Sixth Amendment right to counsel when she pleaded guilty to her first offense of operating a vehicle while intoxicated. *Page 11 
Accordingly, the 2004 conviction was uncounseled and cannot be used to enhance the penalty for her current offense.
 {¶ 18} The State has argued that despite the uncounseled nature of Ms. Combs' first conviction, it was not error for the trial court to use that conviction to sentence Ms. Combs to the mandatory minimum sentence for a third time offender under Section 4511.19 of the Ohio Revised Code. In support of this argument, the State has relied upon the United States Supreme Court case of Nichols v. United States, 511 U.S. 738
(1994). Specifically, the State has pointed to language in that opinion regarding the United States Supreme Court having upheld the constitutionality of laws that allowed the consideration of "a wide variety of factors" in sentencing a criminal defendant, including "past criminal behavior, even if no conviction resulted from that behavior."Nichols, 511 U.S. at 747.
 {¶ 19} Nichols, however, is inapplicable to this case. Mr. Nichols was being sentenced under the United States Sentencing Guidelines and was assessed one criminal history point for a prior uncounseled misdemeanor conviction that had resulted in a fine, but no sentence of incarceration. The relevant sentencing guidelines specifically authorized assessment of points for prior uncounseled misdemeanor convictions, provided they had not resulted in a sentence of incarceration. The Supreme Court affirmed the conviction and sentence, adhering to a previous holding that rested upon the bright line distinction "between criminal proceedings that resulted in imprisonment, and those that did not." Nichols, *Page 12 511 U.S. at 746 (citing Scott v. Illinois, 440 U.S. 367, 372 (1979)). InNichols, the Court held that an uncounseled misdemeanor conviction, valid because it did not result in a sentence of incarceration, "is also valid when used to enhance punishment at a subsequent conviction."Nichols, 511 U.S. at 749. The Ohio Supreme Court has since relied onNichols for the proposition that any uncounseled conviction that did result in a sentence of incarceration cannot be used for subsequent penalty enhancement. Brooke, 113 Ohio St. 3d 199, at ¶ 12 (citingNichols, 511 U.S. at 749).
 {¶ 20} The State's reliance on Nichols is, therefore, misplaced. The facts are distinguishable primarily because Ms. Combs' 2004 conviction did result in a sentence of incarceration. Furthermore, Ms. Combs was not sentenced under the federal guidelines used in the Nichols case. Ms. Combs was sentenced under Section 4511.19 of the Ohio Revised Code. Section 4511.19(G)(1)(c) provides that "an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses is guilty of a misdemeanor" carrying a "mandatory jail term of thirty consecutive days" and a maximum term of one year. This is a statutory penalty enhancement requiring certain conditions to be met. The statute requires a prior conviction or a guilty plea. It does not allow for the consideration of mere allegations of prior criminal behavior that did not result in either a conviction or a guilty plea. *Page 13 
 {¶ 21} According to the trial court's judgment entry from which this appeal was taken, Ms. Combs was sentenced as a third time offender within six years. She was given the mandatory minimum sentence of 30 days in jail with the maximum possible sentence for a third time offender hanging over her head in the form of 335 additional days suspended. As discussed above, Ms. Combs did not, in fact, qualify as a third time offender under the terms of the statute. For the reasons discussed above, Ms. Combs' first offense was unavailable for use to enhance a later penalty. Therefore, Ms. Combs' record contained only one valid prior conviction for a violation of this section at the time she was charged with her current offense. Accordingly, the trial court's judgment enhancing the sentence for operating a motor vehicle while intoxicated is reversed and the cause is remanded for resentencing.
 CONCLUSION {¶ 22} The trial court's judgment sentencing Ms. Combs as a third time offender under Section 4511.19 of the Ohio Revised Code is reversed. Ms. Combs' guilty plea in her 2004 case was accepted without the benefit of legal counsel and in the absence of a knowing, voluntary, and intelligent waiver of her Sixth Amendment right to counsel. Therefore, Ms. Combs' uncounseled conviction, which resulted in a sentence of incarceration, cannot be used to enhance the penalty for a subsequent offense under Section 4511.19. *Page 14 
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, J. CONCURS *Page 15