[Cite as *State v. Gates*, 2011-Ohio-5631.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25435 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN A. GATES | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CRB 1000011 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

CARR, Presiding Judge.

{¶1} Appellant, Shawn Gates, appeals his conviction in the Barberton Municipal Court. This Court affirms.

I.

{¶2} Gates was cited for obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree. He pleaded not guilty, and the matter proceeded to trial before a jury. At the conclusion of trial, the jury found Gates guilty. The trial court sentenced him accordingly. Gates filed a timely appeal in which he raises five assignments of error. This Court rearranges some assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR V**

"THE COURT COMMITTED REVERSIBLE ERROR BY NOT SUSTAINING THE DEFENSE CHALLENGES FOR CAUSE DURING THE VOIR DIRE PROCESS."

{**¶3**}    Gates argues that the trial court erred by overruling his challenges during voir dire to remove two prospective jurors for cause.  This Court disagrees.

{**¶4**}    Gates asserts that he raised his challenges for cause at a sidebar conference which was not recorded by the court recording equipment due to the low volume at which counsel and the trial judge spoke.  He asserts, however, that the parties have entered into a stipulation regarding his challenges for cause and that he has filed the stipulation with this Court.  The record reveals, however, that no such stipulation, or any other supplement pursuant to App.R. 9, was filed with this Court.  The transcript of the voir dire proceedings clearly indicates that Gates wished to raise at least one challenge for cause.  A "side-bar discussion was then held between Court and Counsel off the record."  The record contains no further information regarding the content of the discussion in which Gates allegedly raised his challenges for cause.

{**¶5**}    This Court's review is limited to the record provided by the appellant for his appeal.  App.R. 9; see, also, App.R. 12(A)(1)(b).  This Court has repeatedly held that "[i]t is the duty of the appellant to ensure that the record on appeal is complete."  *State v. Daniels*, 9th Dist. No. 08CA009488, 2009-Ohio-1712, at ¶22, quoting *Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, at ¶11.  "Where the record is incomplete because of appellant's failure to meet his burden of providing the necessary record, this Court must presume regularity of the proceedings and affirm the decision of the trial court."  *State v. Jones*, 9th Dist. No. 22701, 2006-Ohio-2278, at ¶39, citing *State v. Vonnjordsson* (July 5, 2001), 9th Dist. No. 20368. Because the transcript of Gates' challenges for cause during the voir dire proceedings, or a stipulation filed pursuant to App.R. 9, is necessary to this Court's determination of this assignment of error, this Court must presume regularity in the trial court's proceedings and

affirm the judgment of the trial court. See *Jones* at ¶39. Gates' fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE [CRIM.R.] 29 MOTION MADE BY THE DEFENSE. THERE WAS NO CREDIBLE TESTIMONY INDICATING THAT THE VEHICLE IN QUESTION WAS ABANDONED AND LIABLE TO BE TOWED. THERE WAS INSUFFICIENT EVIDENCE FOR THE CASE TO PROCEED PAST THIS POINT."

{¶6} Gates argues that the trial court erred by denying his Crim.R. 29 motion for acquittal. This Court disagrees.

{¶7} Crim.R. 29 provides, in relevant part:

"(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Galloway* (Jan. 31, 2001), 9th Dist. No. 19752.

{¶8} The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker* (Dec. 12, 2001), 9th Dist. No. 20559; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring).

{¶9} Gates was convicted of obstructing official business in violation of R.C. 2921.31 which states that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's

official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶10} Gates argues that there was insufficient evidence to establish that the vehicle at issue was abandoned, thereby rendering the police officer's actions in towing the vehicle unauthorized. Gates further argues that, because the police officer was not performing an authorized act, the State presented insufficient evidence to show that Gates acted with purpose to prevent, obstruct, or delay the officer's performance of an authorized action within his official capacity. Gates' argument fails.

{¶11} Officer Robert Russell of the Barberton Police Department testified that he was on patrol on December 31, 2009, when he saw three individuals, including Gates, whom he recognized as persons who did not have valid driver's licenses. He observed the three exit a convenience store and begin to enter a maroon vehicle. Gates began entering the driver's seat. When the three men saw the officer's cruiser drive past, they hastily left the vehicle and reentered the convenience store. Officer Russell turned around and returned to the convenience store only to find that the maroon vehicle was gone. The officer continued his patrol duties.

{¶12} While driving on patrol, Officer Russell again saw the maroon vehicle, this time driving towards him. When the driver spotted the officer, he braked hard and drove away in another direction. Officer Russell turned around in pursuit of the vehicle, arriving to find that the vehicle had been backed into a driveway and the three passengers were hurrying away from the scene on foot. Officer Russell ran the vehicle's plate, and discovered that it belonged to Kim Hale, who lived in Akron, and that it had not been reported stolen. Officer Russell testified that, as he was gathering this information, a resident of the home where the maroon vehicle was

parked approached him and told him that he did not recognize the vehicle and he wanted it removed from his driveway. The officer called for a tow truck.

{¶13} Officer Russell testified that he was authorized to order the towing of the vehicle for two reasons, to wit: (1) the vehicle had been driven by a suspended driver, and (2) a resident had requested the removal of an unknown vehicle which was obstructing his driveway. He testified that he specifically did not authorize the towing on the grounds that the vehicle had been "abandoned."

{¶14} While Officer Russell was filling out the mandatory paperwork for the tow, Gates returned to the vehicle and walked to the driver's door. Officer Russell testified that he told Gates that the vehicle was being towed, and Gates responded, "no, it's not, I'm driving it out of here[.]" Gates then opened the driver's door and put one leg inside the vehicle. Officer Russell had to stop preparing the necessary paperwork and repeatedly direct Gates to exit the vehicle. After Gates' repeated refusals to leave, Officer Russell aimed his Taser at Gates and ordered him to exit the vehicle. Gates eventually exited and moved away from the vehicle. Gates then pulled out his cell phone and began to record the situation as he harassed the officer about towing the vehicle. Officer Russell testified that Gates continued to badger him for approximately five minutes, preventing him from completing the paperwork necessary for the tow. Officer Russell testified that, based on his prior experience with Gates and knowledge of Gates' criminal history, he knew that he could not take his eyes off Gates for his own safety. The vehicle was ultimately towed one-half hour after the officer first discovered it parked in the driveway. Officer Russell testified that, because Gates had impeded him in the performance of his official duties arising out of the authorized towing of the vehicle, he issued a citation to Gates.

{¶15} Gates argues that the State presented insufficient evidence to establish that the officer was authorized to order the towing of the vehicle because it was not "abandoned" as that term is used in R.C. 4513.60. That statute authorizes the impounding of motor vehicles which have been left on private property for at least four hours without the permission of any person having a possessory interest in the property. The officer testified, however, that he did not authorize the tow for the reason that the vehicle had been abandoned. Rather, he testified that he authorized the tow because all three of the potential drivers had suspended licenses and because the vehicle was obstructing a complaining resident's driveway. Gates does not dispute that either reason provides adequate grounds to authorize a police officer to order the towing of such a vehicle.

{¶16} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of the charge of obstructing official business were proved beyond a reasonable doubt. See *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The State presented evidence that Gates impeded Officer Russell as he attempted to fill out the necessary paperwork which would allow a vehicle obstructing a resident's driveway to be towed. There was evidence that neither Gates nor the other two people who had been in the vehicle with him had valid driver's licenses, and that the owner of the vehicle was not in the area. Therefore, there was evidence that there was no licensed driver in the area with authority to remove the vehicle. A resident complained to Officer Russell that the vehicle obstructed his driveway and demanded its removal. There was evidence that the tow could not commence without the preparation of the proper paperwork. The State presented evidence that Gates interfered with the officer's completion of the necessary paperwork. Accordingly, there was sufficient evidence to establish that Gates, without privilege

to do so and with purpose to obstruct or delay Officer Russell's performance of an authorized act within his official capacity, acted to impede the officer's performance of his lawful duties. Gates' second assignment of error is overruled.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN PERMITTING THE HEARSAY TESTIMONY BY OFFICER RUSSELL RELATING TO THE STATEMENT OF AN UNNAMED RENTER OR PROPERTY OWNER WITH RESPECT TO TOWING A VEHICLE."

{¶17} Gates argues that the trial court erred by admitting hearsay testimony. This Court disagrees.

{¶18} Evid.R. 801 defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 802 prohibits the admission of hearsay except as otherwise provided by the United States and Ohio Constitutions, by statute, or by other rule. Generally, "[a] trial court possesses broad discretion with respect to the admission of evidence." *State v. Patel*, 9th Dist. No. 24030, 2008-Ohio-4693, at ¶8. However, the trial court does not have discretion to admit hearsay into evidence.

{¶19} Gates argues that the trial court erroneously admitted hearsay when Officer Russell testified regarding a resident's complaints about an unfamiliar vehicle blocking his driveway. That statement, however, did not constitute hearsay because it was not admitted to prove the truth of the matter asserted, i.e., that the resident was unhappy about a vehicle that was blocking his driveway. Moreover, the resident's statement had no effect on the underlying criminal charge. It was merely relevant for the effect it had on Officer Russell. The resident's complaint was one thing that caused Officer Russell to call for the vehicle to be towed. Despite the veracity of the substance of the resident's statement, the effect of the statement was to cause

the officer to act within his official capacity to address a citizen's complaint. Therefore, the statement was not hearsay, and the trial court did not err by admitting it. Gates' first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN PERMITTING OFFICER RUSSELL TO TESTIFY REGARDING THE DEFENDANT-APPELLANT'S PRIOR BAD ACTS."

{¶20} Gates argues that the trial court erred by admitting evidence of his prior bad acts. This Court disagrees.

{¶21} Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Ohio Supreme Court has held that "[t]he admission of such evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, at ¶66, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶62. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.

{¶22} While the exceptions in Evid.R. 404(B) which allow the admission of "other acts" evidence "must be construed against admissibility, and the standard for determining admissibility of such evidence is strict[,]" a reviewing court's "inquiry is confined to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably in deciding the evidentiary issues[.]" (Internal citations and quotations omitted.) *Conway* at ¶61-62. Furthermore, this Court has repeatedly stated that "this strict admissibility standard must be considered contemporaneously with the fact that the trial court occupies a superior vantage in determining the admissibility of evidence." (Internal quotations omitted.) *State v. Ristich*, 9th Dist. No. 21701, 2004-Ohio-3086, at ¶12, citing *State v. Ali* (Sep. 9, 1998), 9th Dist. No. 18841, citing *State v. Rutledge* (Nov. 19, 1997), 9th Dist. No. 96CA006619.

{¶23} The Ohio Supreme Court has further recognized that evidence of prior bad acts by a defendant is admissible where it "provided the context for the alleged crimes and made [the defendant's] actions more understandable to the jurors." *Diar* at ¶72. In addition,

> "[e]vidence showing a modus operandi [or plan] is admissible because it provides a behavioral fingerprint which, when compared to the behavioral fingerprints associated with the crime in question, can be used to identify the defendant as the perpetrator." (Internal quotations omitted.) *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, at ¶83.

{¶24} In this case, Officer Russell testified that he was aware of Gates' prior assaults on police officers, as well as prior charges for resisting arrest, at the time of this incident. Officer Russell described a prior incident when he had to immobilize Gates with a Taser because Gates swore at and "charge[d]" an arresting officer. This testimony served to provide the context for the crime of obstructing official business. The evidence demonstrated that Officer Russell knew that he could not continue to fill out the paperwork necessary for the tow because he had to watch Gates who was trying to take the car and was known to use violence against police

officers when they interfered with his actions. Moreover, this evidence was admissible to show Gates' knowledge. Knowing that Officer Russell was aware of his prior criminal history, Gates knew that he could impede the officer's ability to tow away Gates' present means of transportation. Accordingly, this Court concludes that the trial court did not abuse its discretion by admitting evidence of Gates' prior bad acts.

{¶25} Assuming arguendo that the trial court erred in admitting this evidence, the error was harmless. Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Even where the admission of evidence constitutes constitutional error, the error is harmless "if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." *State v. Williams* (1983), 6 Ohio St.3d 281, at paragraph six of the syllabus.

{¶26} The evidence presented in this case established that Gates purposely interfered with Officer Russell's attempt to have a vehicle towed from a driveway. The evidence established that the car did not belong to Gates or either of his two companions, that none of the three persons who had been in the car before it was parked had valid driver's licenses, and that the vehicle was obstructing a resident's driveway. Nevertheless, Gates attempted to drive away in the vehicle after being told that it was being towed. He only exited the vehicle after being threatened with the officer's Taser. Gates then continued to harass Officer Russell, further delaying the officer's preparation of paperwork necessary for the tow. Upon thorough review of the record, the other evidence of Gates' guilt is overwhelming. Accordingly, the admission of the challenged prior bad acts evidence was harmless error, if it constituted error at all. Gates' third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

"THERE WAS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN AT THE CONCLUSION OF OFFICER RUSSELL'S TESTIMONY, TRIAL COUNSEL PERMITTED THE PROSECUTION TO INQUIRE ABOUT THE DEFENDANT'S PRIOR RECORD WITHOUT OBJECTING."

**{¶27}** Gates argues that trial counsel was ineffective for failing to object to the "introduction by the State of a nine page document indicating [Gates'] convictions or non-convictions[.]" This Court disagrees.

**{¶28}** This Court uses a two-step process as set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

**{¶29}** To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

**{¶30}** This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the

result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id.

{¶31} Gates bears the burden of proving that counsel's assistance was ineffective. *State v. Hoehn*, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶44, citing *State v. Colon*, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶49; *State v. Smith* (1985), 17 Ohio St.3d 98, 100. In this regard, there is a "strong presumption [] that licensed attorneys are competent and that the challenged action is the product of a sound strategy." *State v. Watson* (July 30, 1997), 9th Dist. No. 18215. In addition, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." *Hoehn* at ¶45, quoting *In re Simon* (June 13, 2001), 9th Dist. No. 00CA0072, citing *State v. Clayton* (1980), 62 Ohio St.2d 45, 49. Even if this Court questions trial counsel's strategic decisions, we must defer to his judgment. *Clayton*, 62 Ohio St.2d at 49. The Ohio Supreme Court has stated:

> "'We deem it misleading to decide an issue of competency by using, as a measuring rod, only those criteria defined as the best of available practices in the defense field.' *** Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client." Id., quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396.

{¶32} "[A] defendant is not deprived of effective assistance of counsel when counsel chooses, for strategical reasons, not to pursue every possible trial tactic." *State v. Brown* (1988), 38 Ohio St.3d 305, 319, citing *State v. Johnson* (1986), 24 Ohio St.3d 87. In addition, "the end result of tactical trial decisions need not be positive in order for counsel to be considered 'effective.'" *State v. Awkal* (1996), 76 Ohio St.3d 324, 337.

{¶33} The Ohio Supreme Court has recognized that a court need not analyze both prongs of the *Strickland* test, where the issue may be disposed upon consideration of one of the factors. *Bradley*, 42 Ohio St.3d at 143. Specifically,

"'Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing in one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.'" *Bradley*, 42 Ohio St.3d at 143, quoting *Strickland*, 466 U.S. at 697.

{¶34} Significantly, the nine-page document representing Gates' criminal case history was not admitted as an exhibit, so the jury had no opportunity to review it. Accordingly, trial counsel could not have been deficient for failing to object to the admission of the document into evidence.

{¶35} Gates argues that trial counsel was ineffective for failing to object to any reference to the document because of its prejudicial nature, specifically because it tended to indicate that Gates had a "lengthy and serious record[.]" Any reference to the document would only rise to the level of prejudicial error if, but for the reference, there was a reasonable probability that the results of the trial would have been different. See *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus.

{¶36} Officer Russell was clear that the document represented offenses with which Gates had been charged since the age of eighteen, not that he had been convicted of enough crimes to fill a nine-page document. Officer Gates testified that this is the type of document that the police "pull[] up" each time a person is arrested. He testified that he was aware of the contents of the document before the instant offense due to his prior course of dealings with Gates, and that he was compelled to watch Gates instead of filling out the required tow

paperwork based on his knowledge. Therefore, but for the reference to the criminal case history, the results of the trial would not have been different. Accordingly, Gates has not demonstrated prejudice necessary to support a claim for ineffective assistance of counsel.

{¶37} The officer acknowledged that the document further contains a warning statement that officers should approach Gates with caution. However, Officer Russell earlier testified that his prior interaction with Gates made him aware that Gates had not hesitated in the past to use violence against police officers. Based on Officer Russell's prior involvement with Gates, specifically his immobilization of Gates with a Taser after Gates swore at and charged another officer, Gates has not demonstrated that he was prejudiced by the reference in the document to the warning statement. Accordingly, his claim of ineffective assistance of counsel must fail. Gates' fourth assignment of error is overruled.

### III.

{¶38} Gates' assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS

DICKINSON, J.
CONCURS, SAYING:

{¶39} I concur in the majority's judgment and in all of its opinion except the discussion of the standard of review that applies to Mr. Gates' third assignment of error.

APPEARANCES:

KERRY O'BRIEN, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.