[Cite as *State v. Knox*, 2018-Ohio-43.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA010985 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY KNOX | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2016CRB00648 |

DECISION AND JOURNAL ENTRY

Dated: January 8, 2018

TEODOSIO, Judge.

**{¶1}** Appellant, Larry Knox, appeals from his conviction for obstructing official business in the Lorain Municipal Court. We affirm.

I.

**{¶2}** In March of 2016, Mr. Knox was arrested and charged with obstructing official business under Lorain Codified Ordinances 525.07(a), a misdemeanor of the second degree. He signed a written waiver of right to an attorney, pled no contest, and was found guilty by the trial court. The court sentenced him to thirty days in jail and fined him $100.00. The court suspended payment of the fine, suspended nineteen days of jail-time, gave Mr. Knox credit for eleven days served in jail, and then placed him on one year of monitored time.

**{¶3}** Mr. Knox now appeals from his conviction and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A JAIL SENTENCE WHEN THERE IS NO RECORDED WAIVER OF COUNSEL THAT COMPLIES WITH CRIMINAL RULE 22.

{¶4} In his sole assignment of error, Mr. Knox argues that the trial court erred in failing to record his waiver of counsel in open court in accordance with Crim.R. 22 and Crim.R. 44. We disagree.

{¶5} On March 16, 2016, Mr. Knox signed a one-page written waiver of his right to an attorney, which was accepted and signed by the trial court judge. Mr. Knox pled no contest to obstructing official business and the court found him guilty of the offense. The court sentenced Mr. Knox to thirty days in jail, granted him eleven days jail-time credit, and suspended the remaining nineteen days. The court ordered a $100.00 fine, but suspended payment of the fine. Mr. Knox was ordered to pay court costs and placed on one year of monitored time. "'Monitored time' means a period of time during which an offender continues to be under the control of the sentencing court or parole board, subject to no conditions other than leading a law-abiding life." R.C. 2929.01(Y).

{¶6} The Supreme Court of Ohio has held that "a defendant has the right of self-representation and 'that he may proceed to defend himself without counsel when he voluntarily, and knowingly, and intelligently elects to do so.'" *State v. Ott*, 9th Dist. Summit No. 27953, 2017-Ohio-521, ¶ 5, quoting *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. For a waiver of counsel to be effective, the trial court has to make a sufficient inquiry to determine whether the defendant fully understands and relinquishes that right, which includes advising the defendant of the dangers and disadvantages of self-representation. *See Ott* at ¶ 5.

"A meaningful dialogue between the court and the defendant is required in misdemeanor cases with the possibility of imprisonment" and written statements do not constitute a meaningful dialogue. *State v. Mascaro*, 81 Ohio App.3d 214, 216 (9th Dist.1991). Accordingly, "[a]t the very least, then, any waiver of counsel must be made on the record in open court * * *." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 24. "Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *State v. Wellman*, 37 Ohio St.2d 162 (1974), paragraph two of the syllabus.

{¶7} The Ohio Rules of Criminal Procedure define a "petty offense" as any misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. Crim.R. 2(C)-(D). In cases not involving a risk of physical harm to any person, obstructing official business is a misdemeanor of the second degree and carries with it a maximum penalty of ninety days in jail. *Compare* Lorain Codified Ordinances 525.07 *with* R.C. 2921.31; R.C. 2929.24(A)(2). Mr. Knox was charged with second-degree misdemeanor obstructing official business, a petty offense.

{¶8} "Where a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). The waiver of counsel "shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." CrimR. 44(C). "In petty offense cases[,] all waivers of counsel required by Rule 44(B) shall be recorded * * * in shorthand, or stenotype, or by any other adequate

mechanical, electronic or video recording device." Crim.R. 22. "We review whether a defendant has made a knowing, voluntary, and intelligent waiver of his right to counsel de novo." *Ott* at ¶ 5.

{¶9} Mr. Knox argues that "[n]o recording of the plea hearing was maintained" by the trial court. Although he disclosed at oral argument that the Lorain Municipal Court has recording capabilities, his merit brief states that "there was no recording made of the waiver of counsel. It is not part of the record[] because it does not exist."

{¶10} "This Court's review is limited to the record provided by the appellant for his appeal." *State v. Gates*, 9th Dist. Summit No. 25435, 2011-Ohio-5631, ¶ 5. "'[A]lthough it is the court's responsibility in the first place to record the proceedings, the appellant, if possible, should attempt to use one of the procedures outlined in App.R. 9 to supplement the record for appeal purposes.'" *In re C.S.*, 9th Dist. Medina Nos. 04CA0044 & 04CA0045, 2004-Ohio-6078, ¶ 11, quoting *In re B.E.*, 102 Ohio St.3d 388, 2004-Ohio-3361, ¶ 15. Pursuant to App.R. 9(C)(1):

> If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

App.R. 9(D)(1) further provides that:

> In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record under

App.R. 10, may prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised in the appeal, shall be approved by the trial court prior to the time for transmission of the record under App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10.

{¶11} Mr. Knox has failed to utilize the alternatives available to him under App.R. 9(C) and App.R. 9(D) to produce a record of what occurred at his March 16, 2016, hearing. *See In re Wilson*, 9th Dist. Lorain No. 98CA007128, 1999 Ohio App. LEXIS 1594, *6 (Mar. 31, 1999). "It is the appellant's duty to provide a record of the lower court's proceedings that is necessary to determine his appeal. This is true even if, through no fault of an appellant, a verbatim transcript of the proceedings below is not available." (Citation omitted.) *Id. See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); App.R. 9(B); App.R. 10(A); Loc.R. 5(A). Without a transcript or an App.R. 9 statement, we have no alternative but to presume regularity in the trial court's proceedings and affirm. *See Wilson* at *6. *See also State v. Noble*, 9th Dist. Lorain No. 07CA009083, 2007-Ohio-7051, ¶ 15; *Knapp* at 199.

{¶12} Mr. Knox cites to our decision in *Combs* for the proposition that "[a] knowing, voluntary, and intelligent waiver cannot be presumed from a silent record." *State v. Combs*, 9th Dist. Lorain No. 07CA009173, 2007-Ohio-7035, ¶ 16, citing *Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533 at ¶ 25. However, in the remainder of that same paragraph in *Combs*, we referenced the *Wellman* requirements and stated: "The Ohio Supreme Court has determined that, in a petty offense case, even in the absence of a hearing transcript, a waiver of counsel form signed by the judge and the defendant at the plea hearing and filed with the court *may be sufficient* to satisfy these requirements." (Emphasis added.) *Combs* at ¶ 16, citing *Brooke* at ¶ 47. Regardless, we

lack a complete record to review for error in this case and "[a] party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a 'silent record.'" *Wilson* at *6-7, quoting *City of E. Cleveland v. Dragonette*, 32 Ohio St.2d 147, 149 (1972). Accordingly, we must presume regularity in the proceedings below and affirm. *See Wilson* at *6. *See also Noble* at ¶ 15; *Knapp* at 199.

{¶13} Mr. Knox's sole assignment of error is overruled.

### III.

{¶14} Mr. Knox's sole assignment of error is overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
<u>CONCURRING.</u>

**{¶15}** While I agree that the trial court's judgment must be affirmed, I write separately to emphasize the significance of Mr. Knox's failure to take the necessary procedural steps to establish that a recording does not exist. His failure to do so leaves this Court in the position of having to rely solely upon his statements that no recording exists. Because nothing in the record affirmatively shows that the waiver of counsel was not recorded, I agree that this Court must presume regularity in the proceedings below and affirm. *State v. Brown*, 4th Dist. Hocking No. 93CA20, 1994 Ohio App. LEXIS 2960, *5-6 (June 29, 1994) ("There is nothing in the record of this case which affirmatively shows that the waiver of counsel at arraignment was not recorded. Thus, we presume that it was and that no error intervened.").

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶16}** As this is a petty offense case, I would affirm on the basis of the filing of a written waiver of counsel that was signed by both Knox and the trial court judge. *State v. Combs*, 9th Dist. Lorain No. 07CA009173, ¶ 16, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 47.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

LORAIN CITY PROSECUTOR for Appellee.