THE STATE OF OHIO, APPELLEE, *v.* WELLMAN, APPELLANT.

[Cite as State v. Wellman (1974), 37 Ohio St. 2d 162.]

(No. 73-581—Decided March 27, 1974.)

166

*Mr. Paul H. Mitrovich,* prosecuting attorney, and *Mr. Theodore R. Klammer,* for appellee.

*Mr. Albert L. Purola,* for appellant.

CORRIGAN, J.  We have drawn profusely from the record in stating the salient facts deemed necessary to reflect both sides of the constitutional problem posed in this appeal. We understand the rationale behind the conclusion reached by the Court of Appeals, as shown by the statement, in its opinion, that: "The process engaged in by the defendant constituted a full waiver of his constitutional right to counsel at the time of trial." However, we feel compelled to disagree with that judgment. We agree with their dictum that a defendant possesses no right to play games with the trial court, be he indigent or affluent, be he ignorant of his constitutional rights or knowledgeable concerning same.

In any event, by whatever mastery of his constitutional rights this defendant possessed, combined with his courtroom artfulness, or as a result of the advantage of legal advice received on trial tactics and strategy covering the legal situation in which defendant found himself, the trial court was allayed as to the constitutional significance of defendant's courtroom machinations. For example, defendant cunningly waited until the jury was sworn to formally make his demand on the record for a continuance and for the appointment of counsel to represent him in the trial.

## I.

The Sixth Amendment to the United States Constitution mandates the assistance of counsel to a defendant in a criminal trial. The Fourteenth Amendment makes the Sixth Amendment applicable to the states, and it is unconstitutional to try a person for a felony in a state court unless he has a lawyer or has validly waived one. *Gideon* v. *Wainwright* (1963), 372 U. S. 335; *Burgett* v. *Texas* (1967), 389 U. S. 109.

Since *Gideon*, the United States Supreme Court, in *Argersinger* v. *Hamlin* (1972), 407 U. S. 25, made the requirement of assistance of counsel applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances, if a sentence to jail resulted. That latter opinion holds, at page 37, that "* * * absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

## II.

With regard to the question of waiver, the Sixth Amendment right to the assistance of counsel may be waived. Such a waiver of a constitutional right, in order to have validity, must be done knowingly and intelligently. The United States Supreme Court said, in *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 464:

"* * * It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' "

That rule was further developed in *Carnley* v. *Cochran* (1962), 369 U. S. 506, 516, as follows:

"* * * Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

That requirement of waiver was later reinforced in *Brookhart* v. *Janis* (1966), 384 U. S. 1, 4, as follows:

"*  *  * for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson* v. *Zerbst*, 304 U. S. 458, 464."

Whether contrived or accidental, the record in this case is ominously silent upon the question of whether the defendant understandingly and intelligently waived his constitutional right to the assistance of counsel on May 1, 1972. Based upon the record before us, the curtain was raised on that issue before the jury selection process had commenced, at which time defendant was without the assistance of counsel. If the trial court was led to believe that defendant was waiving his right to counsel, a complete set of reasons should have been spread on the record before the jury selection started, in order to establish that such a choice by defendant was being made understandingly and intelligently on the morning of May 1, 1972.

The events that occurred earlier, recounted in the statement of facts, may not, singly or considered together, be taken as a waiver of defendant's right to counsel. Nor may the acts of defendant after the start of the trial, likewise recounted in the statement of facts, be considered a waiver.

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings in accordance with law.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

STERN, J., concurs in the syllabus and judgment.