OPINION
{¶ 1} Defendant, Michelle Hall, appeals from her conviction and sentence for theft.
 {¶ 2} Defendant was charged by complaint filed in Xenia Municipal Court with theft, a first degree misdemeanor in violation of R.C. 2913.02. Defendant pled not guilty and subsequently appeared without counsel for a scheduled bench trial. Although she never expressed any desire to waive her right to counsel and represent herself, that is what Defendant was forced to do when the trial court elected to proceed with the trial. Defendant was subsequently found guilty. The trial court sentenced Defendant to six months in jail, fined her two hundred fifty dollars, and ordered Defendant to pay restitution.
 {¶ 3} Defendant has timely appealed to this court from her conviction and sentence. Defendant presents four assignments of error for review. Because our resolution of Defendant's second assignment of error is dispositive of this case and renders her remaining claims moot, we will address only that issue.
 SECOND ASSIGNMENT OF ERROR {¶ 4} THE DEFENDANT WAS DENIED HER SIXTH AMENDMENT RIGHT TO COUNSEL.
 {¶ 5} Defendant argues that her conviction and sentence to a term of imprisonment is invalid because the trial court failed to secure a valid waiver of Defendant's right to counsel before proceeding to trial, in violation of Defendant's Sixth Amendment right to counsel. The State has failed to file an appellate brief in this matter, and thus we shall proceed in accordance with App.R. 18(C). Because we agree with Defendant's contention that on the record before us her right to counsel was violated, we will reverse Defendant's conviction and sentence and remand this case for further proceedings.
 {¶ 6} Although a defendant has a constitutional right to act as his or her own counsel at trial, that right can be invoked only after the defendant has knowingly, intelligently and voluntarily waived their right to the assistance of counsel. Faretta v. California (1975), 422 U.S. 806;State v. Gibson (1976), 45 Ohio St.2d 366; State v. Applegarth (Oct. 27, 2000), Montgomery App. No. 17929; State v. Mathers (Aug. 9, 2002), Clark App. No. 2000CA92, 2002-Ohio-4117. Absent a knowing, intelligent and voluntary waiver, no person may be imprisoned for any offense unless he or she was represented by counsel at trial. Argersinger v. Hamlin
(1972), 407 U.S. 25; State v. Wellman (1974), 37 Ohio St.2d 162;Applegarth, supra; Crim.R. 44(B).
 {¶ 7} Courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. State v. Dyer (1996),117 Ohio App.3d 92, 95; Mathers, supra. As a result, a valid waiver must affirmatively appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver. Id.
 {¶ 8} In order to establish an effective waiver of the right to counsel, a trial court must make a sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right. Gibson, supra; Mathers, supra. When an accused chooses self-representation, he or she should be made aware of the dangers and disadvantages and the record must demonstrate that the defendant knew what he or she was doing and made that choice with his or her eyes open.Faretta, supra. To discharge its duty properly in light of the strong presumption against waiver of the right to counsel, a trial court must investigate as long and as thoroughly as the circumstances of the case demand. Gibson, supra; Mathers, supra.
 {¶ 9} In order for a waiver of the right to counsel to be valid, the trial court must candidly and thoroughly discuss with defendant the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and other mitigating circumstances, and all other facts essential to a broad understanding of the whole matter. Mathers, supra, quotingVonMoltke v. Gillies (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 323.
 {¶ 10} In this case Defendant appeared for a scheduled bench trial without counsel. The only dialogue that occurred between the trial court and Defendant on the record, relative to whether Defendant wished to waive her right to counsel, was as follows:
 {¶ 11} "THE COURT: This is a theft violation against Michelle Hall. Are you Michelle Hall?
 {¶ 12} "THE DEFENDANT: Yes.
 {¶ 13} "THE COURT: Mr. Stafford, are you ready to proceed?
 {¶ 14} "MR. STAFFORD: Yes, Your Honor.
 {¶ 15} "THE COURT: All right. Call your first witness.
 {¶ 16} "MR. STAFFORD: Actually, I need to go get her. She is in the lobby still. Colleen Maier.
 {¶ 17} "THE COURT: Miss Hall, while we are waiting, you don't have an attorney with you?
 {¶ 18} "THE DEFENDANT: No.
 {¶ 19} "THE COURT: Why is that?
 {¶ 20} "THE DEFENDANT: Because I brought my aunt with me who's my witness of stating that she told the police officer that she is the one who did it.
 {¶ 21} "THE COURT: Okay. Why don't you have an attorney with you?
 {¶ 22} "THE DEFENDANT: Because I don't — I've never been in trouble before. I don't —
 {¶ 23} "THE COURT: Okay. So you don't want an attorney with you?
 {¶ 24} "THE DEFENDANT: I don't know how to go about doing anything.
 {¶ 25} "THE COURT: Miss Hall, that is not an acceptable answer. This case has been pending since August. Basically, you did not hire an attorney; is that right?
 {¶ 26} "THE DEFENDANT: Correct.
 {¶ 27} "THE COURT: You did not go see the Public Defender; is that right?
 {¶ 28} "THE DEFENDANT: Correct. I don't know where the Public Defender's office is or anything.
 {¶ 29} "THE COURT: Did you ask anyone at the Court?
 {¶ 30} "THE DEFENDANT: No, I didn't.
 {¶ 31} "THE COURT: Okay. Then, you have waived your Counsel. We'll go ahead with the trial.
 {¶ 32} "Mr. Stafford, call your first witness." (T. 2-3).
 {¶ 33} This colloquy clearly demonstrates that Defendant never represented to the trial court that she wished to waive her right to counsel and represent herself at trial. Nevertheless, the court's determination that Defendant had waived her counsel, and its decision to immediately proceed with the trial, forced Defendant to represent herself. This record is therefore inadequate to demonstrate a knowing, intelligent and voluntary waiver of Defendant's right to counsel. The trial court made no attempt to make a thorough inquiry, candidly discussing the various matters necessary to determine whether Defendant fully understood her right to counsel and was knowingly, intelligently and voluntarily relinquishing that right. Gibson, supra; Mathers, supra. That "fundamental error" requires us to reverse Defendant's conviction and vacate her sentence, Mathers, supra, because Defendant did not validly waive her constitutional right to counsel.
 {¶ 34} Defendant's second assignment of error is sustained. Our disposition of that claim renders the remaining claims concerning the manifest weight of the evidence and the severity of the sentence moot.Mathers, supra. Accordingly, we need not consider them. App.R. 12(A)(1)(c).
 {¶ 35} The judgment of the Xenia Municipal Court is reversed, Defendant's sentence is vacated, and the cause is remanded for further proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.