OPINION *Page 2 
{¶ 1} Appellant Josaiah L. Mays appeals his conviction of Possession of Drug and Drug Paraphernalia from the Alliance Municipal Court, citing insufficient waiver of legal counsel.
 {¶ 2} On November 26, 2006 at 4:20 am, Officer Vesco of the Alliance Police Department pulled over a white Plymouth that was emitting sparks. Upon speaking with appellant, the officer smelled marijuana and observed appellant to have bloodshot, watery eyes and was sweating excessively. Further, appellant attempted to conceal something in his waist band. Based on these observations, the officer removed appellant from the vehicle and performed a pat down. The officer then proceeded to search the vehicle. The officer found marijuana seeds on the seat of the vehicle and a baggie of marijuana, a pipe and rolling papers in the glove box.
 {¶ 3} Officer Vesco charged appellant with Drug Abuse in violation of Alliance Codified Ordinance § 513.03(a), a first degree misdemeanor, and Drug Paraphernalia Offenses in violation of Alliance Codified Ordinance § 513.12(C)(1), a fourth degree misdemeanor.
 {¶ 4} Appellant was arraigned on December 1, 2006. The trial court advised a group of defendants, including appellant, of their rights and offered appointment of counsel at the arraignment. The following colloquy occurred:
 {¶ 5} "THE COURT: All right. Anyone else have an attorney? For those of you who don't have an attorney, I do have to go over all your rights with you. You have a right to an attorney. If you can't afford one, one will be appointed for you. You have a right to a trial to a Judge or to a Jury. You need to understand you can plead guilty *Page 3 
which means you admit the charge and you'll be sentenced. Not guilty means you deny the charge and we'll set the matter up for pretrial or trial when you can come back with or without your lawyer. No contest means you don't admit it, you don't deny it. Usually on the no contest plea, you're found guilty. The advantage of the no contest plea is if you're later sued, the no contest plea can't be used against you while the guilty plea can.
 {¶ 6} "If you have any history of mental illness or don't understand the difference between right or wrong, you can plea not guilty by reason of insanity. You have a right to reasonable bail or bond. That may not affect some of your directly. Some of you may be here for family, friends, or loved ones. We anticipate four defendant/prisoners coming over from the county jail and that will be at approximately 1:30, and I'll go over everything with them.
 {¶ 7} "You also have a right not to say anything against your interest. So like the first gentleman who plead not guilty, you don't have to tell me why. Simply come back with or without your lawyer." Arraignment Transcript dated December 1, 2006 at 4.
 {¶ 8} Then, appellant asked the court at arraignment why he was pulled over. The following exchange occurred:
 {¶ 9} "THE COURT: Yeah, that would be good. That's why it's a great reason to plea not guilty. Do you want me to get you a lawyer? Do you want to hire it or do you want to represent your own watch?
 {¶ 10} "MR. MAYS: I'll represent myself, I think." Id. at 6.
 {¶ 11} The matter was then set for pre-trial with a Suppression Hearing. Appellant appeared at the hearing without counsel. The hearing proceeded. Appellant *Page 4 
cross-examined Officer Vesco. The trial court found reasonable, articulable suspicion for the traffic stop and set the case for trial. The following exchange then occurred between appellant and the trial court:
 {¶ 12} "MR. MAYS: And I think I'm going to have to get an attorney if I have to go to trial on this.
 {¶ 13} "THE COURT: Yeah, okay. Well you have the attorney notify the Court
 {¶ 14} "MR. MAYS: Yes, I will.
 {¶ 15} "THE COURT: Okay.
 {¶ 16} "THE BAILIFF: We can set it for the 16th, Your Honor, at 3:30 pm Friday, February 16, 2007 at 3:30 pm.
 {¶ 17} "THE COURT: Okay. I'll make a note you're going to get a lawyer and the lawyer can change the date if he or she wishes. Here's the time waiver to give you additional time to get a lawyer. Just have the lawyer get a hold of the court.
 {¶ 18} "MR. MAYS: Yes, Sir.
 {¶ 19} "THE COURT: Cause that may not be agreeable. Is the time waiver signed? This is for you or your lawyer and that's all." Suppression Hearing Transcript dated January 12, 2007 at 19-20.
 {¶ 20} Appellant appeared for trial without counsel and the trial court inquired:
 {¶ 21} "THE COURT: Case 2006-CRB-01452, Joshua L. Mays. We're here for trial today on one count of possession of drugs under Alliance City Ordinance 513.03A, which is a misdemeanor of the first degree. And a drug paraphernalia offense under 513.12C1, a misdemeanor of the fourth degree. Mr. Mays is present in court. He is unrepresented. Do you intend to proceed without an attorney today, Sir? *Page 5 
 {¶ 22} "MR. MAYS: Yes." Trial Transcript dated February 16, 2007 at 4.
 {¶ 23} Appellant was convicted of both offenses. The trial court fined appellant $1,000 and suspended a 180-day jail sentence conditioned on good behavior for two years and attendance of ten Substance Education Group classes on the Drug Abuse charge. Then, the trial court ordered appellant to pay court costs on the Drug Paraphernalia charge.
 {¶ 24} Appellant appealed raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 25} "I. THE TRIAL COURT ERRED IN NOT SECURING A WRITTEN WAIVER OF COUNSEL FROM THE DEFENDANT PRO SE PRIOR TO THE TRIAL TO THE COURT AS REQUIRED ORCP 44 (c) AND ORCP 22.
 {¶ 26} "II. THE TRIAL COURT ERRED IN NOT MAKING AN INQUIRY TO DETERMINE WHETHER THE DEFENDANT FULLY UNDERSTOOD AND INTELLIGENTLY RELINQUISHED HIS RIGHT TO COUNSEL."
 I., II. {¶ 27} The two assignments of error are interrelated and will be addressed together. Appellant argues the trial court failed to make a sufficient inquiry into appellant's waiver of legal counsel and failed to obtain appellant's waiver in writing.
 {¶ 28} The Sixth Amendment to the United States Constitution provides all accused shall enjoy the right to have assistance of counsel. Section10, Article I, of the Ohio Constitution provides an accused shall be allowed to appear and defend in person and with counsel. The right to counsel safeguards the fundamental human rights of life and liberty,Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. No *Page 6 
person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial or knowingly and intelligently waived the right to counsel,Argersinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006,32 L.Ed.2d 530.
 {¶ 29} A defendant's waiver of the right to counsel must be voluntary, knowing and intelligent. State v. Gibson (1976), 45 Ohio St.2d 366. In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes the right.Id. In the Gibson case, the Ohio Supreme Court applied the test set forth in Von Moltke v. Gillies (1948), 332 U.S. 708 for sufficient pretrial inquiry for waiver of counsel.
 {¶ 30} "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Id. at 724.
 {¶ 31} Criminal Rule 44 also addresses the appointment of counsel and waiver of counsel. The rule provides, in part:
 {¶ 32} "(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no *Page 7 
sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 33} "(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 34} Criminal Rule 22 provides that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded."
 {¶ 35} "At the very least, then, any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." State v. Brooke,113 Ohio St.3d 199, 863 N.E.2d 1024, 2007-Ohio-1533 ¶ 24.
 {¶ 36} Strict compliance with Crim.R. 44 is not necessary as long as the spirit of the rule is followed. State v. Ebersole (1995),107 Ohio App.3d 288, 293, citing State v. Overholt (1991), 77 Ohio App.3d 111,115. In the case sub judice, the trial court advised all those present for arraignment of their right to counsel. The trial court then specifically asked appellant if he wanted counsel. This was in open court and recorded for purposes of transcription by a court reporter. This satisfied Crim. R. 22. It was not necessary for a waiver to be in writing for petty offenses as charged in this case.
 {¶ 37} Therefore, Appellant's first assignment of error is overruled.
 {¶ 38} We next address whether appellant's waiver of counsel was sufficient. Our review of the record demonstrates an absence of any explanation of the right to counsel or an affirmative waiver of the right on the record by appellant. The trial court did not *Page 8 
engage in any dialogue with appellant at any stage prior to trial or at trial of the nature of the charged offenses, the range of possible punishment for the crimes as charged, possible defenses, or the dangers of self-representation. In short, the trial court failed to make an adequate determination that appellant sufficiently understood the possible consequences of waiving counsel.
 {¶ 39} The State argues appellant did not trigger the requirements of Crim. R. 44 because he never demonstrated that he was "unable to obtain counsel". This argument is without merit. "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." State v. Wellman, 37 Ohio St.2d 162,309 N.E.2d 915 paragraph one of the syllabus, citing Argersinger v.Hamlin (1972), 407 U.S. 25, 95 S.Ct. 792. See also, State v.McCrory, Portage Cty. App. No. 2006-P-0017, 2006-Ohio-6348.
 {¶ 40} Therefore, Appellant's second assignment of error is sustained.
 {¶ 41} We agree with the State that where a defendant has been convicted of a petty offense without the benefit of counsel and without executing a valid waiver of counsel, any sentence of confinement must be vacated although the conviction itself is affirmed. The Ohio Supreme Court has held "uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated". State v.Brandon (1989), 45 Ohio St.3d 85,86, 543 N.e.2d 501. See also,McCory, supra,; State v. West, Auglaize Cty. App. No. 2-06-04,2006-Ohio-5834. *Page 9 
 {¶ 42} As noted earlier, the trial court sentenced appellant to one hundred and eighty days in jail, but suspended the sentence on the condition of good behavior and appellant has no further offenses of similar nature for two years.
 {¶ 43} We therefore modify appellant's sentence by vacating the portion imposing a one hundred eighty day jail sentence, and as so modified, we affirm the judgment of conviction.
 {¶ 44} For the foregoing reasons, the judgment of the Alliance Municipal Court is vacated in part and affirmed in part.
Delaney, J. and Farmer, J. concur.
 Hoffman P.J. concurs separately. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Alliance Municipal Court is vacated in part and affirmed in part. Costs assessed equally to both parties. *Page 10