{¶ 51} The majority's conclusions in this case are, in my estimation, a result of a labored and an overly technical reading of the rule set forth by the Supreme Court of Ohio in State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533. Although Brooke does set forth certain minimal requirements for a constitutionally sufficient waiver of counsel, it does not set forth, as the majority's interpretation suggests, precise, detailed requirements on the means by which the state must meet its burden. Because I believe the documentary evidence in conjunction with Judge Bozza's affidavit is sufficient to meet the standards set forth inBrooke, I respectfully dissent from the majority's opinion.
 {¶ 52} Initially, it is necessary to point out that, during the hearing on appellant's motion to dismiss, defense counsel did not specifically object to the affidavit or otherwise seek its exclusion in favor of requiring the affiant to testify before the court. Moreover, and perhaps more significantly, defense counsel stipulated to the truth and *Page 13 
accuracy of the affidavit. Applying basic evidentiary principles to this scenario, the affidavit was not only an admissible document but the stipulation acts as a concession to the validity of the affiant's assertions. It is upon this foundation that I premise my dissent.
 {¶ 53} As the majority aptly points out, appellant was charged with a "serious offense," and, therefore, the state had to demonstrate appellant's waiver was in open court, recorded, and in writing.Brooke, supra, at ¶ 53, citing Crim. R. 11(C). To meet its burden that appellant waived his right to counsel in writing, the state submitted a written waiver of counsel, dated June 28, 2004, signed by appellant. I recognize this document was not time-stamped, a typical indication that the document relates to the case to which it purports to relate. I also recognize that the state failed to produce a certified docket sheet from the 2004 OVI conviction, a simple means of demonstrating that the waiver was journalized in the record of the case it purports to relate. However, the state did submit the affidavit of Judge Mary Kaye Bozza, the judge presiding over appellant's June 28, 2004 OVI conviction.
 {¶ 54} The affidavit provides, in relevant part:
 {¶ 55} "(A) In case number 04-TRC-06686 Albert M. Chiominto (Date of Birth 1/22/70), appeared before the Lyndhurst Municipal Court for a change of plea hearing on June 28, 2004.
 {¶ 56} "(B) That at this hearing, Albert M. Chiominto was fully advised of his right to counsel.
 {¶ 57} "(C) That at this hearing, Albert M. Chiominto made a knowingly, intelligently, and voluntary oral and written plea and waiver of all his constitutional rights, including his right to counsel. *Page 14 
 {¶ 58} "* * *."
 {¶ 59} The uncontested affidavit clearly establishes appellant's waiver occurred in open court, was on record, and in writing. Judge Bozza's sworn, uncontested statements, in conjunction with the June 28, 2004 signed waiver of rights, demonstrate the Brooke standard was met. Although the written waiver is not time-stamped, Judge Bozza's affidavit is sufficient, under these circumstances, to directly and uncontrovertibly connect the document to appellant's 2004 OVI conviction.
 {¶ 60} However, appellant asserts, and the majority somewhat ambiguously endorses (see majority opinion, ¶ 45), that evidence of a recorded hearing is necessary to meet the requirement that the waiver occur on record. Nothing in Brooke requires this conclusion. When viewed in relation to the Brooke syllabus, recordation simply means the waiver must be on the record. So long as there is record evidence that the waiver occurred in open court and was in writing the state has met its burden. Judge Bozza's unchallenged affidavit indicates that these components were met.
 {¶ 61} Because my conclusion in this matter is premised upon the validity and sufficiency of Judge Bozza's affidavit, it behooves me to address the majority's holding that the affidavit is not an adequate means of proof for purposes of Brooke, supra. In rejecting the sufficiency of Judge Bozza's affidavit, the majority relies principally on the holdings set forth in Carnley v. Cochran (1962), 369 U.S. 506 andState v. Wellman (1974), 37 Ohio St.2d 162.
 {¶ 62} In Wellman, the Supreme Court of Ohio held as to waiver of counsel:
 {¶ 63} "Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered *Page 15 
counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Carnley v. Cochran, 369 U.S. 506, followed.)" Id. at paragraph two of the syllabus.
 {¶ 64} The syllabus in Wellman essentially mirrors the United States Supreme Court's holding regarding waiver of counsel in Carnley. The majority builds upon this statement of law to draw the conclusion that Judge Bozza's affidavit is inadequate to show a constitutionally proper waiver. As both Wellman and Carnley indicate, however, a constitutionally sufficient waiver may be demonstrated in one of two ways, via the trial record or allegation and evidence that the accused was offered counsel but intelligently and understandingly waived the same. While the state was unable to demonstrate a constitutionally adequate waiver from the trial record, the underlying complaint in the instant matter (allegation) and Judge Bozza's accompanying, unchallenged affidavit (evidence) are sufficient to show that appellant was offered counsel but intelligently and understandingly rejected the offer. In my view, Wellman and Carnley serve to support rather than undermine the sufficiency of the state's proof.
 {¶ 65} With the above in mind, I do not disagree that evidence of waiver from the trial record would be preferable to proof via affidavit from the judge who accepted the waiver. However, nothing inBrooke precludes the state from attempting to meet its burden through the submission of an affidavit. Although the majority differs, it contorts and supplements the holding in Brooke to suit its conclusion:
 {¶ 66} "* * * if cases [in which waiver is not of record] are to be used in later penalty enhancement proceedings such as these, it seems to us that any evidence used to establish that a proper waiver of counsel was made in fact, must be *Page 16 
contemporaneous with the prior cases, and available from the records of those cases." (See majority opinion, ¶ 46.)
 {¶ 67} Although no doubt preferable, nothing in Brooke requires that evidence used to establish a waiver be contemporaneous with that case. While I agree an affidavit from the judge presiding over the matter is slightly unorthodox, neither Wellman, Carnley, or Brooke explicitly preclude the use of an affidavit, executed by a party with knowledge, to demonstrate the validity of a waiver.
 {¶ 68} An affidavit that is executed by the judge who presided over the case in which the waiver under consideration occurred, which indicates the Brooke requirements were met, is a proper evidentiary submission. Once submitted, however, defense counsel has an obligation to object to the evidence and, if necessary, subpoena the affiant to test the credibility of his or her recollection. Here, no objection was leveled and, even more significantly, defense counsel stipulated the affidavit was "true and accurate." Given the lack of objection and the highly unusual concession, the affidavit is admissible proof that appellant intelligently and understandingly waived counsel in open court, on record, and in writing.
 {¶ 69} Finally, the majority sets forth certain prudential concerns relating to the use of affidavits executed by judges for purposes used in this case. The majority rightly points out that a former or current judge would invariably have difficulty recalling the specific details and procedural niceties of cases "three — ten — twenty years old." Moreover, the majority expresses trepidation at the great inconvenience of hailing affiant-jurists into court for purposes of being cross-examined in a felony OVI case. I share the majority's concerns. *Page 17 
 {¶ 70} However, where, as here, a judge agrees to execute an affidavit on matters of great legal significance, she is assuredly aware of the probability of being subpoenaed for purposes of testing her recollection. Such is the foreseeable peril of attesting to the veracity of one's memory of events occurring "three — ten — twenty" years ago. I do not think, as a court of law, we should search for policy reasons to formally reject a perfectly admissible evidentiary document that has been accepted, via stipulation, as true and accurate. In my view, the potential hazards and/or hassles of filing an affidavit under these circumstances are matters with which the affiant-judge must come to terms. As intimated in both the majority's opinion as well as in this dissent, it may be in a judge's best interest, not to mention in the best interest of the criminal justice system, to decline the state's invitation to execute the affidavit in the first place.
 {¶ 71} Although I do not categorically endorse the state's method of proof in this matter, given the state of the record, I am constrained to dissent from the majority's opinion. *Page 1