[Cite as *State v. Johnson*, 2019-Ohio-4007.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Toledo                        Court of Appeals No.   L-18-1159

    Appellee                                           Trial Court No.  CRB-18-07794

v.

Clozell Johnson                                     **DECISION AND JUDGMENT**

    Appellant                                          Decided:  September 30, 2019


* * * * *

David Toska, Chief Prosecutor, and Jimmie Jones,
Assistant Prosecutor, for appellee.

Emil G. Gravelle, III, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Clozell Johnson, appeals his conviction in the city of Toledo

Municipal Court on one count of obstructing official business, in violation of R.C.

2921.31(A), a misdemeanor of the first degree.  Appellant was sentenced to time served

and ordered to pay the costs of the action. As we find appellant did not knowingly, voluntarily, or intelligently waive his right to counsel, we reverse.

{¶ 2} On June 22, 2018, Toledo police officers received a call to remove an unwanted man from the premises of a restaurant at 215 Summit Street at about 8:30 a.m. When the officers arrived, they encountered appellant and asked him to leave the premises as the restaurant was not going to be open for several hours. Appellant refused to leave and was eventually removed by the officers and arrested for refusing to leave and disobeying the officers' orders. Appellant was arraigned where entered a not guilty plea and was provided a public defender.

{¶ 3} On the morning of July 13, 2018, a hearing was held before the trial that was scheduled that afternoon. The trial court began the hearing stating "Mr. Johnson, I understand you'd like a trial." Appellant answered "Well, if this matter is postponed I won't be very unintelligent, but I will be outraged because I'm not stupid about me or (unintelligible)." He then goes on to explain his name and proclaim his innocence. The court informs him that the purpose of the trial is to ensure that appellant did what he is charged with and informed appellant that the state would present evidence of those facts.

{¶ 4} The following interaction then takes place:

THE COURT: Okay, here is what we are going to do; we're scheduling the trial this afternoon at 1:30. And I understand you want to represent yourself.

APPELLANT: I will, because this man right here I'm having irreconcilable difference with him because --

2.

COURT: Well, that happens.

APPELLANT: I'm saying I feel like I can --

COURT: So what I'm going to do, I'll indicate for the record that the -- that Mr. Karcher's office is removed representing you; however, I'm going to appoint -- reappoint them as a standby just in case you need some advice. So this case is set for July 13, 1:30 p.m. trial.

APPELLANT: Well, I want to say this --

COURT: You can say it this afternoon.

APPELLANT: Well, I want to tell you straight up --

COURT: I'll see you then.

APPELLANT: I want to get some – just so you know, I would like to get information for my case to prove my innocence, so that might be what you consider as stuff I have to get from the Court Administrator.

COURT: I guess you better get busy.

APPELLANT: So would it be okay with you if I can get that?

COURT: As long as you follow proper procedure.

* * *

APPELLANT: But I got the Court's permission to represent myself; right?

COURT: As long as you follow proper procedure.

* * *

APPELLANT: Okay, I just want to get one more thing straight. Now, when I get my – to gather my information I want the court instructions, the courtroom jury instructions on this subject matter of this charge

COURT: I've got news for you.

APPELLANT: Yeah.

COURT: There won't be a jury this afternoon.

APPELLANT: Well, I'm just saying for my records so I can be prepared I would like to have that, because I'm representing myself.

{¶ 5} Appellant was escorted out of the courtroom and off of the courthouse premises. At the beginning of the trial that afternoon, the following exchange took place:

THE COURT: Mr. Johnson, are you prepared to go forward?

APPELLANT: No. Because I didn't get me information. The orders you gave was they overrode and the deputy sheriffs that you said would take --

COURT: Do you want a trial?

APPELLANT: Yeah.

COURT: Then we'll go forward.

APPELLANT: Well I'm saying I didn't get my information.

COURT: Opening statement.

**{¶ 6}** A trial then commenced wherein he represented himself with standby counsel present. The trial court then found him found guilty and sentenced him to time served and ordered him to pay court costs. This timely appeal followed.

## Assignment of Error

**{¶ 7}** Appellant sets forth the following assignment of error:

The trial court erred and deprived Mr. Johnson of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution as the court failed to ensure that Mr. Johnson had made a voluntary, knowing, and intelligent waiver of his right to counsel.

## Law and Analysis

**{¶ 8}** "Whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel is an issue that we review de novo." *State v. Blackshear*, 6th Dist. Lucas No. L-18-1103, 2019-Ohio-655, ¶ 16, citing *State v. Griffin*, 10th Dist. Franklin No. 10AP-902, 2011-Ohio-4250. Any prosecution of an offense that could include imprisonment as a sentence triggers a right to counsel, no matter the level of the offense. *Id*. at ¶ 17, citing *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974), paragraph one of the syllabus.

**{¶ 9}** The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution protect the defendant's right to have counsel during critical stages of a prosecution. *Id*. at ¶ 18, citing *Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 9

5.

L.Ed.2d 799 (1963); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. Along with that right, also comes the right to dispense of legal counsel and represent yourself. *Id.*, citing *Martin* at ¶ 23. "[I]f the accused 'is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty.'" *Id.*, quoting *State v. Gibson*, 45 Ohio St.2d 366, 376, 345 N.E.2d 399 (1976).

{¶ 10} Due to the importance of this right, there is a presumption against finding that a defendant waived their right to counsel. *Id.* at ¶ 19, citing *Gibson* at 376. As such, a trial court has a "serious and weighty responsibility" to determine that the waiver has been made knowingly, voluntarily, and intelligently. *Id.* "To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility." *Gibson* at 376.

{¶ 11} "For the waiver of counsel to be valid, a trial court must engage in a colloquy with the defendant to ensure that he or she 'has been 'made aware of the dangers and disadvantages of self-representation.''" *Blackshear* at ¶ 20, quoting *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 26. "[A] defendant electing to represent himself 'should be aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing.''" *State*

6.

*v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 100, quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The nature of the colloquy varies from case to case and depends on the nature and circumstances of the charged offenses and potential penalties. *Blackshear* at ¶ 20, citing *Obermiller* at ¶ 43.

{¶ 12} The information that must be provided to a defendant will depend on a range of factors that are case specific, including the defendant's education, sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding. *Johnson* at ¶ 101, quoting *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). The Supreme Court of Ohio has held that a valid waiver of counsel must be made with apprehension as to the nature of the charges, the range of possible punishments, possible defenses and mitigating circumstances, and all other facts that are essential to a broad understanding of the whole matter. *Gibson* at 377. A trial court should explain to a defendant that he or she will be required to follow the same rules of procedure that govern the court. *Blackshear*, at ¶ 21, citing *State v. Furr*, 1st Dist. Hamilton No. C-170046, 2018-Ohio-2205, ¶ 9.

{¶ 13} A waiver of counsel must be unequivocal and timely. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 38 (finding the waiver untimely because it was made three days before trial); *see also State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 203, ¶ 50 (untimely invoked right to self-representation day of trial).

7.

{¶ 14} Appellant argues that he did not knowingly, voluntarily, or intelligently waive his right to have counsel represent him because the trial court failed to engage in a colloquy with him which would provide him sufficient information to base his decision on. Appellee argues that no error occurred because appellant voluntarily indicated that he wanted to represent himself and signed a written waiver on the record.

{¶ 15} Here, the trial court failed to have any sort of colloquy on the record with appellant as required to demonstrate appellant's waiver was knowing and intelligent. The trial court failed to engage with appellant about appellant's understanding of the charges, the process, or his overall right to have counsel. The trial court merely informs appellant that if he wants information to supply at the trial later that day, appellant must follow the proper procedure to get that information. Prior to trial, the trial court merely informed appellant that standby counsel would remain in the room and that appellant could ask counsel questions throughout the proceeding. No information about the penalties appellant faced or the dangers of representing oneself were provided by the trial court at any time. Even assuming the voluntariness of appellant's waiver, we cannot find that his waiver was knowing or intelligent based on the trial court's lack of engagement with appellant.

{¶ 16} As such, appellant did not make a knowing, intelligent, or voluntary waiver of his right to counsel. We reverse the July 13, 2019 judgment and remand to the trial court for a new trial, where the court must either appoint counsel to appellant, or have the

8.

proper colloquy with appellant to ensure that he is voluntarily, knowingly, and intelligently waiving his right to counsel. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                                  JUDGE
Arlene Singer, J.                 

Gene A. Zmuda, J.                  _____
CONCUR.                                                            JUDGE

                                  _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.