[Cite as *State v. White*, 2022-Ohio-665.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellee,                  :

                                        No. 21AP-337

v.                                                   :        (M.C. No. 2018 CRB 023590)

Larry J. White, Jr.,                                 :        (REGULAR CALENDAR)

      Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on March 8, 2022

---

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Orly Ahroni*, for appellee. **Argued:** *Orly Ahroni*.

**On brief:** *Anzelmo Law*, and *James A. Anzelmo*, for appellant. **Argued:** *James A. Anzelmo*.

---

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Larry J. White, Jr., appeals from a judgment entered by the Franklin County Municipal Court revoking his probation and imposing the balance of his suspended jail sentence. For the following reasons, we reverse the trial court's judgment and remand the matter for a new probation revocation hearing.

{¶ 2} On July 9, 2019 in case No. 2018 CRB 023590, appellant, represented by a public defender, entered a guilty plea to one count of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor, which is punishable by a maximum of 180 days confinement. *See* R.C. 2929.24(A)(1). The trial court imposed a 180-day jail sentence, credited appellant

4 days for time served, and suspended the remaining 176 days for a period of 2 years. The court also ordered, as a "specific condition," that appellant stay away from Walmart and Target.[1]

{¶ 3} That same day, the Franklin County Municipal Court Probation Services Department ("probation department") filed a document entitled "Conditions of Probation," advising appellant that the sentencing judge had suspended a portion of his sentence and placed him on probation for a period of two years upon compliance with certain terms and conditions. Those terms and conditions included, as relevant here, that "[y]ou shall not violate any law (Federal, State, or Local). You shall report any arrest, citation of a violation of law, conviction or any other contact with a law enforcement officer to your probation officer no later than the next business day." In addition, appellant was to "abide by all conditions and orders imposed upon you by this Court and/or your probation officer." The document includes appellant's signature acknowledging that he read and received a copy of the probation conditions, understood them, and would abide by them. (July 9, 2019 Conditions of Probation at 1.)

{¶ 4} Approximately five months later, on December 19, 2019, the probation department filed a "Statement of Violations" alleging that appellant had violated the conditions of his probation in that he was charged on November 14, 2019 with theft in Cambridge Municipal Court (case No. 19CRB01363-A).

{¶ 5} On January 16, 2020, the probation department filed an "Addendum" to its "Statement of Violations" alleging that appellant violated the conditions of his probation in that he was charged on January 13, 2020 in Franklin County Municipal Court with fifth-degree felony theft (case No. 2020 CRA 000800), criminal trespass (case No. 2020 CRB 000799), driving under suspension (case No. 2020 TRD 102311-1), and failure to register—expired tags (case No. 2020 TRD 102311-2). The probation department also alleged that appellant had violated the condition that he stay away from Walmart.

{¶ 6} On January 23, 2020, the probation department filed an "Addendum #2" to its "Statement of Violations" alleging that appellant violated the conditions of his probation in that he was indicted on January 22, 2020 on a fifth-degree felony theft charge in Franklin

---

[1] The trial court also ordered appellant to complete 24 hours of community service by August 31, 2019.

County Common Pleas Court (case No. 20 CR 000379).[2]  A probation revocation hearing was scheduled for February 27, 2020.  Appellant failed to appear at that hearing and a warrant was issued for his arrest.

{¶ 7}  On March 9, 2020, the probation department filed an "Addendum #3" to its "Statement of Violations" alleging that appellant violated the conditions of his probation in that he was charged on March 4, 2020 in Hocking County Municipal Court with "obstructing" (case No. CRB2000184).

{¶ 8}  By entry dated December 19, 2020, the trial court "re-enter[ed]" the same public defender that represented appellant in his plea/sentencing proceeding as counsel for appellant in the probation revocation proceedings.

{¶ 9}  On January 11, 2021, the probation department filed an "Addendum #4" to its "Statement of Violations" alleging that appellant violated the conditions of his probation in that on January 4, 2011, he was found guilty of theft in Franklin County Municipal Court case No. 20CRB 18153.[3]

{¶ 10}  In an entry issued June 15, 2021, the trial court again appointed the same public defender as counsel and set the probation revocation hearing for June 28, 2021.

{¶ 11} At the June 28, 2021 hearing, appellant appeared without counsel; no prosecutor was present.  The trial court averred that two cases were to be heard: case Nos. 2018 CRB 23590 and 2020 CRB 14746.  The court further stated that it had been informed in case No. 2020 CRB 14746 that appellant wanted to discharge his public defender and seek other legal representation.  After obtaining assurances from appellant that such was appellant's intention, the trial court discharged the public defender and continued the case for a jury trial.

{¶ 12}  Thereafter, the trial court addressed the probation revocation in 2018 CRB 23590.  The court asked appellant if he had reviewed the statements of violations that had

---

[2]  The indictment arose from the January 13, 2020 incident.

[3]  The probation department attached the sentencing entry in case No. 20CRB 18153 to "Addendum #4" to the "Statement of Violations."  That entry states that appellant, represented by a public defender,  pleaded guilty to theft in violation of R.C. 2913.02(A)(1); the trial court imposed a 180-day jail sentence, credited appellant with 19 days for time served, suspended the remaining 161 days for a period of 2 years, and ordered him to stay away from all Walmart stores.

been filed in the matter; appellant responded affirmatively.  The trial court then briefly summarized the violations as follows:

> It says you had a new charge of theft from Cambridge; driving under suspension conviction; a Felony 5 theft charge that was filed on January 13th, after you'd been on probation in this case for about six months; obstructing official business in Hocking Municipal Court; and you had a conviction of a misdemeanor theft offense * * * Case No. 2020 CRB 18153 * * * also something that occurred after you were placed on community control in this case.  Is that all right?

(June 28, 2021 Tr. at 3.)

{¶ 13}  Appellant stated that he had not been convicted of any of the crimes and was "still going to court" on all of the cases.  *Id.*  When asked to confirm that he was convicted of a theft offense in 2020 CRB 18153, appellant responded "I'm not familiar with that charge, sir."  *Id.*

{¶ 14}  Without further inquiry into appellant's assertions, the trial court asked appellant if he had anything to say on his behalf.  Appellant responded:

> I just want to say I know I'm getting revoked on my probation, but I still have other cases in different counties that have to go through, and I have felonies.  I understand that this is a misdemeanor, but I have the felonies * * * that will be sending me to prison.

*Id.* at 4.

{¶ 15}  The court replied:

> Mr. White, what I just heard you say is you have so many charges that I ought to be lenient on you because you need to go and face all of the other charges and that somebody eventually is going to send you to prison. You are on probation in this case for theft, and you've been convicted of a new theft charge.  There is really no reason for me to continue your community control.  I'm not going to do it.  You had 150 days suspended after the last 26 days suspended jail on this charge. I'll credit you with 17 days since you've been here * * * until yesterday.  The balance of 133 are enforced starting today. That's all.

*Id.*

{¶ 16} Following the hearing, the trial court memorialized its oral decision revoking appellant's probation and imposing the remaining 133-day jail sentence via a "Revocation Decision" filed June 28, 2021. The form decision includes the following statement: "The Defendant **was/was not** represented by counsel_____." (Emphasis added.) Neither alternative was circled, and the space provided for counsel's name was left blank.

{¶ 17} Appellant timely appeals, advancing two assignments of error for review:

> [I]. During the community control revocation hearing, Larry White was denied the right to assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

> [II]. The trial court denied White's Due Process rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, when it failed to hold the hearings required for community control revocation proceedings.

{¶ 18} In his first assignment of error, appellant contends that he was denied his constitutional right to assistance of counsel at the probation revocation hearing. We agree.

{¶ 19} Pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to assistance of counsel. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 22. The right to counsel applies in misdemeanor cases, including petty offense cases, that could result in imprisonment. *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, ¶ 17 (7th Dist.); *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *State v. Paugh,* 10th Dist. No. 79AP-828, 1980 Ohio App. LEXIS 10977 (May 6, 1980). The principle extends to cases involving a suspended sentence, capable of subsequent revocation, resulting in incarceration. *State v. Davis,* 2nd Dist. No. 23248, 2009-Ohio-4786, ¶ 32, citing *Alabama v. Shelton*, 535 U.S. 654 (2002).

{¶ 20} Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." Under Crim.R. 2(C), a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 21} Where, as in the present case, a defendant is charged with a "petty offense," Crim.R. 44(B) governs the appointment of counsel and provides:

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the

defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶ 22} Pursuant to Crim.R. 44(C), "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22."

{¶ 23} Crim.R. 32.3, captioned "Revocation of Probation," provides in part:

(A) Hearing. The court shall not * * * revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. * * *

(B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. * * * Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

(C) Confinement in petty offense cases. If confinement after conviction was precluded by Crim.R. 44(B), revocation of probation shall not result in confinement.

If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R.44(B).

(D) Waiver of counsel. Waiver of counsel shall be as prescribed in Crim.R. 44(C).

{¶ 24} A criminal defendant has the independent constitutional right of self-representation. *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 23; *Faretta v. California*, 422 U.S. 806, 819 (1975). Thus, a defendant may proceed to defend himself or herself without counsel when he or she voluntarily, intelligently, and knowingly elects to do so. *Martin* at ¶ 24, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976).

{¶ 25} Courts must indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. *State v. Dyer*, 117 Ohio App.3d 92, 95 (2d Dist.1996). A court cannot infer waiver of counsel from a defendant's silence. *State v. Wellman*, 37 Ohio St.2d 162 (1974), paragraph two of the syllabus. Rather, the waiver must affirmatively appear in the record, and the state bears

the burden of overcoming the presumption against a valid waiver. *Id.* An appellate court conducts an independent review to determine whether a defendant voluntarily, intelligently, and knowingly waived the right to counsel based on the totality of the circumstances. *State v. Perdue* 2d Dist. No. 23151, 2010-Ohio-565, ¶ 43, citing *State v. Gatewood*, 2d Dist. No. 2008 CA 64, 2009-Ohio-5610, ¶ 33.

{¶ 26} As noted above, the trial court re-appointed the public defender to represent appellant at the revocation hearing; however, appellant appeared without counsel. Although the trial court acknowledged and ultimately permitted appellant's request to discharge his public defender[4] and seek other legal representation in case No. 2020 CRB 14746, appellant did not specifically state on the record that he wished to discharge his public defender in case No. 2018 CRB 023590. The record contains no indication that the public defender was present at the hearing. Indeed, there was no discussion or even mention of his public defender regarding the probation revocation. The court could not infer from appellant's silence that he wished to waive his right to counsel and proceed pro se. *Wellman.* It is readily apparent from the transcript of the revocation hearing that appellant was never advised of his right to assistance of counsel and was not asked whether he wished to waive that right. Rather than engaging in the appropriate colloquy with appellant regarding his constitutional right to counsel and whether he wished to waive that right, the trial court informed appellant of the alleged violations, asked him if he had anything to say on his behalf, and then revoked appellant's probation. The record lacks any indication that appellant knowingly, intelligently, and voluntarily waived his right to counsel prior to the revocation of his probation and the imposition of the balance of his suspended sentence.

{¶ 27} Thus, pursuant to Crim.R. 32.3 and 44, in the absence of a valid waiver, in open court, of appellant's right to counsel, the court could not lawfully revoke appellant's probation and impose the balance of his suspended sentence. Thus, the judgment revoking appellant's probation must be reversed and the matter remanded to the trial court for a new probation revocation hearing. We note that plaintiff-appellee, State of Ohio, concedes error.

---

[4] The record does not reveal whether the public defender appointed in 2020 CRB 14746 is the same public defender appointed in 2018 CRB 023950.

{¶ 28} For the foregoing reasons, appellant's first assignment is sustained.

{¶ 29} In his second assignment of error, appellant contends that the trial court denied his constitutional right to due process when it failed to hold the appropriate hearings required for revocation of probation. Our disposition of appellant's first assignment of error renders moot appellant's second assignment of error, and this court need not address it. *State v. Brown*, 10th Dist. No. 17AP-351, 2018-Ohio-1476, ¶ 26 ("our resolution of [appellant's] first assignment of error renders moot her second and third assignments of error and we need not address them").

{¶ 30} For the foregoing reasons, appellant's first assignment of error is sustained, his second assignment of error is moot, and the judgment of Franklin County Municipal Court is hereby reversed and remanded to that court for a new probation revocation hearing.

*Judgment reversed and case remanded with instructions.*

DORRIAN and MENTEL, JJ., concur.

––––––––––––