[Cite as *State v. Gainer*, 2023-Ohio-1760.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 22AP-587 |
| | | (M.C. No. 2022CRB-4206) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Choice P. Gainer, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 25, 2023

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, *Orly Ahroni*, and *Dave Pelletier*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Choice P. Gainer, appeals from an entry of the Franklin County Municipal Court revoking his community control and imposing his previously suspended jail sentence. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} By complaint filed March 28, 2022, plaintiff-appellee, State of Ohio, charged Gainer with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; and one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. Gainer initially entered a plea of not guilty. Subsequently, Gainer, while represented by a public defender, entered a guilty plea to one count of assault. The trial

court sentenced Gainer to 180 days imprisonment but suspended the sentence and placed Gainer on community control.

{¶ 3} On July 26, 2022, the state filed a statement of violations of community control and an addendum to the statement of violations indicating Gainer had violated the terms of his community control. The trial court scheduled a hearing on the community control violations for September 8, 2022.

{¶ 4} At the revocation hearing, Gainer appeared but his public defender did not. The trial court did not ask Gainer whether he wanted his attorney present at the revocation hearing, and Gainer did not say anything about his attorney not being present. The trial court then asked Gainer whether he had violated his probation, to which Gainer responded that he had. After giving Gainer the opportunity to make a statement and asking Gainer follow-up questions about his statement, the trial court revoked Gainer's community control and imposed the previously suspended jail sentence. The trial court journalized the revocation of Gainer's community control and imposition of the previously suspended jail sentence in a September 8, 2022 entry. Gainer timely appeals.

## II. Assignment of Error

{¶ 5} Gainer assigns the following sole assignment of error for our review:

> The defendant-appellant's right to the assistance of counsel under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution was violated at a community control revocation hearing in which the trial court imposed the balance of the defendant-appellant's jail sentence without first fully advising the defendant-appellant of his right to counsel, and without first determining that the defendant-appellant had knowingly, intelligently, and voluntarily waived his right to counsel.

## III. Discussion

{¶ 6} In his sole assignment of error, Gainer argues the trial court deprived him of his right to counsel when it imposed the balance of his jail sentence at a community control revocation hearing.

{¶ 7} The Sixth Amendment to the United States Constitution, and Article I, Section 10, of the Ohio Constitution provide a criminal defendant with the right to the assistance of counsel. *State v. White*, 10th Dist. No. 21AP-337, 2022-Ohio-665, ¶ 19, citing

*State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 22. The right to counsel applies in misdemeanor cases, including cases involving petty offenses, that could result in a period of imprisonment. *Id.*, citing *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, ¶ 17 (7th Dist.); *Argersinger v. Hamlin*, 407 U.S. 25 (1972). Further, the right to counsel extends to cases involving a suspended sentence capable of subsequent revocation that would result in incarceration. *White* at ¶ 19, citing *State v. Davis*, 2d Dist. No. 23248, 2009-Ohio-4786, ¶ 32, citing *Alabama v. Shelton*, 535 U.S. 654 (2002).

{¶ 8} Pursuant to Crim.R. 2(D), a "petty offense" is defined as "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Here, Gainer was convicted of assault, a first-degree misdemeanor punishable by a maximum of 180 days confinement. R.C. 2903.13(A); 2929.24(A)(1). Thus, Gainer's offense was a petty offense pursuant to Crim.R. 2.

{¶ 9} Crim.R. 32.3 governs the revocation of probation and provides in part:

> **(A) Hearing.** The court shall not * * * revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.
>
> **(B) Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. * * * Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.
>
> **(C) Confinement in petty offense cases.** If confinement after conviction was precluded by Crim.R. 44(B), revocation of probation shall not result in confinement.
>
> If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R. 44(B).
>
> **(D) Waiver of counsel.** Waiver of counsel shall be prescribed in Crim.R. 44(C).

{¶ 10} Additionally, a criminal defendant has an independent constitutional right of self-representation in criminal proceedings. *White* at ¶ 24, citing *Martin* at ¶ 23; *Faretta*

*v. California*, 422 U.S. 806, 819 (1975). A defendant may defend himself or herself without the assistance of counsel where the defendant voluntarily, intelligently, and knowingly elects to do so. *White* at ¶ 24, citing *Martin* at ¶ 24, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976).

{¶ 11} A court must indulge every reasonable presumption against the waiver of fundamental constitutional rights, including the right to be represented by counsel. *White* at ¶ 25, citing *State v. Dyer*, 117 Ohio App.3d 92, 95 (2d Dist.1996). Courts cannot infer a criminal defendant's waiver of counsel from the defendant's silence. *Id.*, citing *State v. Wellman*, 37 Ohio St.2d 162 (1974), paragraph two of the syllabus. Instead, the waiver must affirmatively appear in the record. *Id.*, citing *Wellman* at paragraph two of the syllabus. Moreover, it is the state's burden to overcome the presumption against a valid waiver. *Id.*, citing *Wellman* at ¶ 25. To determine whether a defendant voluntarily, intelligently, and knowingly waived the right to counsel, an appellate court conducts an independent review based on the totality of the circumstances. *Id.*, citing *State v. Perdue*, 2d Dist. No. 23151, 2010-Ohio-565, ¶ 43, citing *State v. Gatewood*, 2d Dist. No. 2008 CA 64, 2009-Ohio-5610, ¶ 33.

{¶ 12} Here, Gainer appeared at the revocation hearing but his public defender did not. The trial court did not acknowledge that Gainer was not accompanied by counsel and did not ask Gainer any questions related to whether Gainer intended to waive his right to counsel. As noted above, the trial court could not infer a valid waiver from Gainer's silence, and the trial court did not engage in the appropriate colloquy with Gainer regarding his constitutional right to counsel and whether he intended to waive that right.

{¶ 13} The state concedes error and agrees the trial court denied Gainer his constitutional right to counsel. As this court has held, "pursuant to Crim.R. 32.3 and 44, in the absence of a valid waiver, in open court, of appellant's right to counsel, the court could not lawfully revoke appellant's probation and impose the balance of his suspended sentence." *White* at ¶ 27. The record here does not demonstrate that Gainer knowingly, intelligently, and voluntarily waived his right to counsel before the trial court revoked his community control and imposed the previously suspended jail sentence. Thus, the trial court denied Gainer his constitutional right to counsel. Accordingly, we sustain Gainer's sole assignment of error.

## IV. Disposition

{¶ 14} Based on the foregoing reasons, the trial court erred when it denied Gainer his right to counsel at his community control revocation hearing. Having sustained Gainer's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court revoking Gainer's community control, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed and cause remanded.*

EDELSTEIN and LELAND, JJ., concur.

_____